IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be through documents filed with the Clerk of Court.

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 4 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GREGORY HERNANDEZ JERNIGAN<br>DOC #335977 | DOCKET NO. 10-cv-154; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE |
| RIVER CORRECTIONAL CENTER<br>STAFF, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Gregory Hernandez Jernigan, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 4, 2010. Plaintiff failed to timely file an amended complaint pursuant to court order, so it was recommended that his complaint be dismissed in accordance with Local Rule 41.3W. Plaintiff objected to the recommendation, and the district judge provided Plaintiff additional time to amend his complaint. Plaintiff filed the amended complaint on October 26, 2010.

Plaintiff is incarcerated at the West Carroll Detention Center; however, he claims that he was denied prompt and effective medical care while he was incarcerated at the River Correctional Center (RCC) in Ferriday, Louisiana. Plaintiff sued the RCC

"Staff", Capt. Gross, Nurse Brasher and Warden Spinner. He prays that all defendants be terminated from employment, and he also requests compensatory damages of $500,000. This matter has been referred back to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

On December 12, 2009, while Plaintiff was incarcerated at RCC, he complained to Nurse Brasher about a boil on his buttocks. Plaintiff complained that the boil was becoming larger and more painful, and he requested immediate medical attention. While the nurse examined him, Plaintiff related that the pain was such that he could not engage in daily activities. [Doc. #1]  He asked that he be sent to the hospital. [Doc. #11]

Brasher then recommended to Capt. Gross that plaintiff not be sent to the hospital or shipped to a medical facility. According to Plaintiff, Brasher stated that Plaintiff should have stayed out of jail. Plaintiff admits that he was in fact placed on the "doctor's list" and a week later, he was transported to the hospital for treatment. [Doc. #11] Plaintiff alleges that the defendants acted negligently and unprofessionally. He claims that if the nurse had acted professionally, he would have received more prompt medical care.

### *Law and Analysis*

Plaintiff was ordered to amend his complaint to state how each named defendant violated his constitutional rights and what injury he suffered as the result of each alleged violation. He was specifically instructed to provide allegations of fault of Warden Spinner or Captain Gross. [Doc. #4, p.4] Finally, Plaintiff was instructed to allege deliberate indifference by any of the defendants.

As noted above, Plaintiff submitted an amended complaint in which he reiterates the facts as described, but still does not present any factual allegations of fault by Spinner or Gross. He admits that within a week of being examined by the nurse, he was sent to the hospital. He does not allege deliberate indifference. To state a cause of action for inadequate medical care, a prisoner needs to show deliberate indifference to a serious medical need, which constitutes the unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

A delay in medical care can only amount to an Eighth Amendment violation if there has been a deliberate indifference, resulting in substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993). Plaintiff's complaint and amended complaint do not allege deliberate indifference on the part of any of the

defendants. **He alleges only negligence, which is insufficient to state a constitutional claim** . See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999)(negligence in diagnosis or treatment does not state a constitutional claim). Moreover, to the extent that Plaintiff disagrees with the treatment that he received, such disagreement with diagnosis or treatment does not establish deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

*Conclusion*

Despite being provided opportunities to amend, there are simply no allegations of deliberate indifference by any of the defendants. The Court is convinced that Plaintiff has presented the best case that could be presented by him and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true, Plaintiff has failed to state a claim for which relief can be granted.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and**

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE